5 P.2d 948

Kenneth V. HOLT, Petitioner,

v.

The Honorable Jeffery A. HOTHAM, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,

Maricopa County and the State of Arizona, Real Parties in Interest.

No. 1 CA–SA 00–0109.

Court of Appeals of Arizona, Division 1, Department B.

June 6, 2000.

Kenneth V. Holt, Phoenix, In propria persona.

Richard M. Romley, Maricopa County Attorney By Lyn Kane, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

EHRLICH, Judge.

¶1 Kenneth V. Holt seeks special action relief, claiming that he is being wrongfully incarcerated for contempt of court because he refuses to undergo a psychosexual evaluation to be used in a legal determination of whether he is a sexually violent person. For the reasons that follow, we accept jurisdiction and deny relief.

¶2 Holt was convicted of child molestation and sentenced to a 14–year prison term. Prior to Holt's release from prison, Dr. Barry Morenz performed without Holt's permission a psychosexual evaluation of Holt as required by the Sexually Violent Persons ("SVP") Act to determine if Holt suffered a mental disorder making him likely to engage in future acts of sexual violence. Ariz.Rev. Stat. ("A.R.S.") § 36–3701 *et seq.*[1]

¶3 A hearing then was held, after which the trial court found probable cause to believe that Holt is a sexually violent person. It consequently ordered that a psychosexual evaluation be performed for use at the upcoming trial. A.R.S. § 36–3702. Despite the order, Holt has refused to submit to such an examination. Indeed, when asked directly by the court if he would abide by its order and participate and co-operate in the evaluation and a deposition, he responded that he would not do so. The court therefore held him in civil contempt and directed him to jail

until he purges the contempt by complying with the order. In this special action, Holt requests that the order of civil contempt be set aside and that he not be subject to the evaluation.

### A. Jurisdiction

¶4 We accept jurisdiction because Holt has no other effective appellate remedy. *See* A.R.S. § 12–120.21(A)(4); *State v. Mulligan*, 126 Ariz. 210, 217, 613 P.2d 1266, 1273 (1980) (contempt orders reviewable only by special action); *see also State ex rel. Gonzalez v. Superior Court*, 184 Ariz. 103, 104, 907 P.2d 72, 73 (1995) (special action proper when no adequate remedy). Additionally, this is a distinctive and recurring legal question of statewide importance, the resolution of which will assist the state's courts in the interpretation of the SVP Act. *See Gonzalez*, 184 Ariz. at 104, 907 P.2d at 73.

### B. Psychosexual Evaluation

¶5 Holt argues that he is not subject to the evaluation, citing *Rineer v. Leonardo*, 194 Ariz. 45, 977 P.2d 767 (1999), but his reliance is misplaced. In *Rineer*, the defendant had been convicted of violating A.R.S. section 13–611, which is not one of the statutes enumerated in the SVP Act. Holt, in contrast, was convicted of violating A.R.S. section 13–1410, child molestation, an offense prompting the administration of the SVP Act's procedures. A.R.S. § 36–3701(6)(a).[2]

¶6 He alleges, though, that there is a significant difference between the former section 13–1410, according to which he was convicted, and the present one. We see no distinction critical to this case.

¶7 The statute according to which Holt was prosecuted read:

A person who knowingly molests a child under the age of fifteen years by directly or indirectly touching the private parts of

---

1. A "sexually violent person" is defined in A.R.S. section 36–3701(7) as "a person to whom both of the following apply:
   (a) Has ever been convicted of . . . a sexually violent offense. . . .
   (b) Has a mental disorder that makes the person likely to engage in acts of sexual violence."

2. " 'Sexually violent offense' means any of the following:
   (a) . . . molestation of a child pursuant to section 13–1410. . . ."

such child or who causes a child under the age of fifteen years to directly or indirectly touch the private parts of such person is guilty of a class 2 felony and is punishable pursuant to section 13–604.01.

The current section 13–1410 states:

(A) A person commits molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child under fifteen years of age.

(B) Molestation of a child is a class 2 felony that is punishable pursuant to section 13–604.01.

Sexual contact is defined in A.R.S. section 13–1401(2) as "any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such conduct." Therefore, because the statute according to which Holt was convicted contains the same elements as are currently provided in A.R.S. section 13–1410, it stands as a predicate offense for the purpose of the SVP Act, making him eligible for the program.

¶ 8 Arizona's SVP statute has been determined to be civil in nature and constitutionally sound. *See Martin v. Reinstein,* 195 Ariz. 293, 323, 987 P.2d 779, 809 (1999). The preparation and release of the medical reports is for use by the court only in the proceedings authorized by the SVP Act. "The legislature has determined that those convicted of sex crimes have a reduced expectation of privacy.... Providing the information helps to protect the public from those who have not been rehabilitate[d] and to ensure that those who need additional treatment will receive it." *Id.* at 321, 987 P.2d at 807.

■ ¶ 9 Holt maintains nonetheless that he need not consent to the evaluation because Arizona Rule of Civil Procedure 37(b)(2)(D) does not permit the trial court to hold a party in contempt of court for his failure to submit to a physical or mental examination. However, the psychosexual evaluation ordered for Holt was mandated by A.R.S. section 36–3705(G), a substantive requirement essential to the application of the SVP Act. A rule providing for sanctions when a party fails to comply with a legitimate court order is not applicable to render a statute requiring a court-ordered evaluation meaningless.

¶ 10 The issue in part was addressed in *Allen v. Illinois,* 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986), in which the Court held that the defendant must submit to a civil-commitment mental-health evaluation, a submission not equivalent to a violation of the Fifth Amendment privilege in criminal cases. *Id.* at 374, 106 S.Ct. 2988. The Court stated that, should a person be allowed to refuse such an examination, the SVP Act would be eviscerated. *Id.* at 374–75, 106 S.Ct. 2988. We agree.

■ ¶ 11 Civil contempt arises when a party refuses to do an act he lawfully is ordered to do, and the power to punish for contempt is inherent in the trial court. *See Phoenix Newspapers, Inc. v. Superior Court In and For Maricopa County,* 101 Ariz. 257, 258, 418 P.2d 594, 595. (1966). We find no error in the trial court's order of an evaluation of Holt or in the imposition of civil contempt for Holt's willful refusal to comply with that order.

CONCURRING: NOEL FIDEL, Presiding Judge, and MICHAEL D. RYAN, Judge.