10 P.3d 1218

Dennis Arthur WALTER, Petitioner,

v.

The Honorable Michael WILKINSON, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge.

State of Arizona, ex rel., Richard M. Romley, Maricopa County Attorney, Real Party in Interest.

No. 1 CA–SA 00–0198.

Court of Appeals of Arizona, Division 1, Department E.

Oct. 3, 2000.

Rich G. Tosto, P.C., by Rick G. Tosto, Phoenix, Attorney for Petitioner.

Richard M. Romley, Maricopa County Attorney, by Rosa Mroz, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

BERCH, Judge.

¶ 1 We accept jurisdiction of this special action to determine whether the trial court abused its discretion by denying Petitioner's motion to require simultaneous evaluations, pursuant to Arizona Revised Statutes Anno-

tated ("A.R.S.") section 36–3703(A) (Supp. 1999–2000),[1] to determine whether he is a sexually violent person. Because we find no abuse of the trial court's discretion, we deny the requested relief.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 The State filed a petition alleging that Petitioner is a sexually violent person ("SVP"). Following its determination that probable cause existed to believe that Petitioner is an SVP, the superior court confirmed the appointments of three mental health experts to evaluate him. Petitioner asked the court to order that the experts' evaluations be performed simultaneously, as he claims is required by A.R.S. section 36–3703(A). Petitioner interprets the statute to require "one-(1) evaluation where ALL experts are present." The court denied his request.

¶ 3 Petitioner filed a motion for reconsideration. Appended to its response, the State filed affidavits from all three experts—the court's doctor, the State's doctor, and Petitioner's doctor—explaining why each opposed a simultaneous evaluation. After the court denied Petitioner's motion for reconsideration, Petitioner brought this special action.

## JURISDICTION

¶ 4 Because this case raises a distinctive and likely recurring legal issue of statewide importance, we accept jurisdiction of the petition. *See Holt v. Hotham,* 197 Ariz. 614, 615, ¶ 4, 5 P.3d 948, 949 (App.2000); *see also Martin v. Reinstein,* 195 Ariz. 293, 300, ¶ 9, 987 P.2d 779, 786 (App.1999). Furthermore, Petitioner has no other adequate remedy at law. *See Holt,* 197 Ariz. at 615, ¶ 4, 5 P.3d at 949.

## DISCUSSION

¶ 5 Before a person may be confined under the SVP Act, that person's mental disorder and dangerousness must be proved beyond a reasonable doubt. *Martin,* 195

Ariz. at 299, ¶ 4, 987 P.2d at 785; A.R.S. § 36–3707(A) (Supp.1999–2000). To guard against the risk of an erroneous detention, *see Martin,* 195 Ariz. at 318, ¶ 85, 987 P.2d at 804, the SVP Act requires that the court appoint mental health experts to examine and evaluate the potential SVP. A.R .S. § 36–3705(G) (Supp.1999–2000).

¶ 6 The question presented is whether A.R.S. section 36–3703(A) requires that the mental health experts conduct their psychological examinations "simultaneously." That section provides as follows:

> If a person is subject to an examination under this article, each party may select a competent professional to perform *simultaneous evaluations* of the person. The parties may stipulate to an evaluation by only one competent professional.

*Id.* (emphasis added). In interpreting statutes, we must strive to "find and give effect to legislative intent," *Bustos v. W.M. Grace Dev.,* 192 Ariz. 396, 398, 966 P.2d 1000, 1002 (App.1997) (quoting *Mail Boxes Etc., U.S.A. v. Indus. Comm'n,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995)), and to interpret the statute so as to give it a fair and sensible meaning. *City of Phoenix v. Super. Ct.,* 139 Ariz. 175, 178, 677 P.2d 1283, 1286 (1984). To that end, we analyze the language of the statute at issue.

¶ 7 The State maintains that because A.R.S. section 36–3703(A) provides that "each party may [rather than "shall"] select a competent professional to perform simultaneous evaluations of the person," the subsection's language is permissive, not mandatory. And, in fact, use of the word "may" generally indicates permissive intent, *Crum v. Maricopa County,* 190 Ariz. 512, 514, 950 P.2d 171, 173 (App.1997), while "shall" generally indicates a mandatory provision. *In re Guardianship of Cruz,* 154 Ariz. 184, 185, 741 P.2d 317, 318 (App.1987). If a statute employs both mandatory and discretionary terms, we may infer that the legislature intended each term to carry its ordinary meaning. *Id.* Thus, the State argues, the lan-

---

1. The motion was filed pursuant to former A.R.S. section 13–4603, which was renumbered as section 36–3704. The Sexually Violent Persons Act ("SVP Act"), formerly sections 13–4603 to –4607, was renumbered as sections 36–3704 to –3708. We use the current numbering in our analysis.

guage at issue is permissive because the legislature would have used the word "shall" had it intended to require simultaneous evaluations. In this case, however, we note that section 36–3703 uses both "shall" and "may" as directives. Thus, the mandatory "shall" and precatory "may" argument fails to persuade us.

¶ 8 Moreover, the State's argument appears to misread the syntax of the statute. The word "may" precedes and thus arguably modifies only the word "select." The legislature therefore may simply have intended to convey the person's option to select one of the "competent professionals" to conduct an examination. Although we do not find the State's arguments dispositive, we nonetheless also discern no mandatory language supporting Petitioner's position that A.R.S. section 36–3703(A) requires that examinations occur at precisely the same time.

¶ 9 The SVP Act does not define many of the terms it employs. *See* A.R.S. section 36–3701 (Supp.1999–2000) (defining terms in Act). For example, the words "evaluation" and "examination" are not defined and are apparently used interchangeably in section 36–3703(A) and throughout the SVP Act. Nor is the term "simultaneous" defined, although Black's Law Dictionary defines it as "two or more occurrences or happenings [that] are identical in time." *Id.* at 1384 (6th ed.1990).

■ ¶ 10 When statutory language is subject to differing interpretations, as it appears to be here, we must consider the consequences of alternative statutory constructions to see what light they shed on the proper interpretation of the statute. *Bustos,* 192 Ariz. at 398, 966 P.2d at 1002. In this analysis, we are not bound by the literal meaning of the terms employed, but are guided by the spirit and intent of the law. *City of Phoenix v. Super. Ct.,* 101 Ariz. 265, 267, 419 P.2d 49, 51 (1966). Interpreting the word "simultaneous" as meaning identical in time, as Petitioner suggests, spawns the unintended consequence that one against whom an SVP petition has been filed may thwart the process by intentionally selecting a mental health professional who will not

agree to conduct a simultaneous evaluation, as indeed the three experts in this case would not. We find this result untenable.

¶ 11 Although this is a civil matter, because Petitioner is in a custodial setting, we conclude that the legislature intended the SVP evaluation process to be conducted expeditiously and not be strung out over a long period. We therefore interpret section 36–3703(A) as requiring an evaluation *process* that occurs within a short time frame, but nonetheless allows for separate examinations by each expert. The legislature's failure to expressly require that all examinations be performed in one evaluation session supports our conclusion.

¶ 12 We find further support for this interpretation in the construction of the statute. Requiring that all examinations be done in one session at exactly the same time would render superfluous section 36–3703(C), which provides that "[e]ach competent professional shall be given reasonable access to the person in order to conduct the examination." *See State v. Johnson,* 171 Ariz. 39, 42, 827 P.2d 1134, 1137 (App.1992) (quoting *State v. Arthur,* 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980) (expressing court's obligation to construe statutes so as not to render any part superfluous)). Subsection C's reference to providing each expert access to the examinee is inconsistent with a conclusion that evaluations must be conducted at the same time. *See* A.R.S. § 36–3703(C). Thus this factor, too, supports the conclusion that each professional may conduct his or her own evaluation, so long as the evaluations occur within a short, contemporaneous time frame.[2]

¶ 13 To protect the rights of an accused and to assist the superior court in making the difficult SVP determination, mental health experts must be afforded the opportunity to provide reliable opinions based on accurate evaluations. In this case, all three experts have objected to a simultaneous evaluation, posing serious concerns regarding the reliability of an evaluation generated from such a session. The court's expert believes that a simultaneous evaluation (1) destroys

---

2. Nothing in the language of section 36–3703(A) *precludes* holding one evaluation session if all the

evaluating experts agree that doing so is appropriate.

the concept of the independent psychological evaluation, (2) eliminates any possibility for independent clinical judgment, (3) makes Petitioner less likely to respond candidly because of the presence of a group, (4) renders it more difficult to accurately assess personality changes, and (5) burdens the examiners and Petitioner by restricting the time for questions and responses. The State's expert opposes a simultaneous evaluation because it violates standard methodology and compromises the concept of an independent psychological evaluation. Petitioner's own expert testified that he knows of no standard methodology within the practice of psychology for conducting such an evaluation, and he believes that a simultaneous evaluation could lead to confusion among both the experts and Petitioner that could affect Petitioner's responses.

¶ 14 Thus, each expert has expressed legitimate concern that a simultaneous evaluation procedure will diminish the reliability of the evaluations. Because the SVP evaluation procedure was designed to protect the rights of SVP detainees, we think it unlikely that the legislature intended the determination to be based on potentially unreliable expert opinions. *See Bustos,* 192 Ariz. at 398, 966 P.2d at 1002 (statutory interpretations should not lead to absurd results). In light of the experts' concerns, and given the trial court's broad discretion in handling discovery and timing issues generally, *see, e.g., Blazek v. Super. Ct.,* 177 Ariz. 535, 537, 869 P.2d 509, 511 (App.1994), we see no abuse of the court's discretion here.

¶ 15 We conclude that when an alleged SVP is evaluated pursuant to the SVP Act, the experts' examinations need not take place in one session with all experts present together, although the evaluations must occur in close temporal proximity to one another. Our interpretation of section 36–3703(A) fulfills the legislature's intent in passing the SVP Act of protecting society, yet not committing individuals unless the court finds beyond a reasonable doubt and based on reliable evaluations that a person remains sexually violent. In this case, all three experts, including Petitioner's, oppose evaluating Petitioner during one session at which all experts are present. We cannot imagine that the legislature would have intended the serious consequences that flow from an SVP examination to be based on less than professionally sound psychological evaluations. We therefore hold that the trial court did not abuse its discretion in allowing separate evaluations.

### CONCLUSION

¶ 16 We therefore accept jurisdiction of the petition for special action in this matter, but deny relief.

CONCURRING: SCOTT TIMMER, Presiding Judge, and CECIL B. PATTERSON, Jr., Judge.

