NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KAREN CURTIS, *Petitioner/Appellee,*

*v.*

NATHAN THOMAS, *Respondent/Appellant.*

No. 1 CA-CV 18-0587 FC
FILED 7-2-2019

Appeal from the Superior Court in Maricopa County
No. FC2016-071340
The Honorable Lisa Ann VandenBerg, Judge

**VACATED AND REMANDED**

COUNSEL

Adam C. Rieth, PLLC, Mesa
By Adam C. Rieth
*Counsel for Petitioner/Appellee*

Thomas Law Office PLC, Phoenix
By Ronald V. Thomas
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1 Nathan Thomas ("Father") appeals the superior court's order denying and dismissing his unopposed petition to modify parenting time and child support. For the following reasons, we vacate the dismissal and remand for further proceedings in compliance with this decision.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Father and Karen Curtis ("Mother") entered into a consent judgment and divorce decree (the "Decree") awarding the parties joint legal decision-making authority for their two minor children and setting parenting time for Father in light of his active duty military status. The Decree also provided that

> should there be any change or disagreement in the future regarding parenting time/access, the parties *may* first seek advice through the visitation/conciliation services, or any mutually agreeable mediator, prior to initiating any litigation in this matter.

(emphasis added). Under the Decree, Father is obligated to pay $1,086.14 per month in child support.

¶3 Two years later, Father simultaneously filed a motion for temporary orders and a verified petition to modify parenting time and child support. In his motion, Father requested a reduction in child support and an alternating-week parenting time because he has retired from active military duty.

¶4 Father's petition also requested a permanent modification of parenting time and child support due to his military retirement and permanent relocation to Phoenix, a substantial and continuing change of circumstances. Father's petition is missing a page which this Court assumes, under the unique circumstances of this case, has the factual basis for Father's allegations of a substantial and continuing change. It appears

Father did not know his petition was missing a page in the superior court's electronic records until Mother pointed it out on appeal.

¶5        Mother did not object or respond to Father's motion or petition. The superior court denied and dismissed Father's unopposed motion and petition, citing two reasons: (1) the Decree required the parties participate in mediation before filing for modification; and (2) Father's petition did not "state facts establishing a substantial and continuing change of circumstances that materially affects the welfare of the child" as required by Arizona Revised Statutes ("A.R.S.") section 25-411(A). Father now appeals.

## DISCUSSION

¶6        On appeal, Mother argues Father failed to file the required order to appear and affidavit of financial information. Mother additionally argues that "may" means "shall" in the parties' Decree. Mother failed to raise these issues below despite having the opportunity to do so. Thus, Mother's arguments on appeal are waived. *Romero v. Sw. Ambulance*, 211 Ariz. 200, 204, ¶ 7 (App. 2005) (issues not raised before the superior court are generally waived on appeal).

¶7        Father argues the superior court erred in its interpretation of the Decree. Father also argues the superior court abused its discretion in finding no substantial and continuing change in circumstances to support modifying parenting time and child support.

## I.    Interpretation of the Divorce Decree

¶8        We review the interpretation of a dissolution decree *de novo*. *Merrill v. Merrill*, 230 Ariz. 369, 372, ¶ 7 (App. 2012). In interpreting a dissolution decree, we look to the text of the decree without parol evidence. *Id.* at 374, ¶ 14.

¶9        The Decree's plain language provides that the parties *may* participate in mediation before litigating. Generally, the use of the word "may" indicates permissive intent while "shall" denotes a mandatory provision. *City of Chandler v. Ariz. Dep't of Transp.*, 216 Ariz. 435, 438–39, ¶ 10 (App. 2007). We apply the ordinary meaning of words used in a dissolution decree unless the context indicates otherwise. *See Stout v. Taylor*, 233 Ariz. 275, 278, ¶ 12 (App. 2013) (applying ordinary meaning of words and phrases "unless the context reveals special meaning" in interpreting rules and statutes). Here, the context of the Decree supports applying the ordinary meaning of "may."

¶10 The Decree uses the word "shall" in many places, including in the paragraphs surrounding the mediation clause. For example, in the two paragraphs preceding the mediation clause, the Decree provides that the parties "*shall* enjoy joint legal decision making authority" and that "while Father is out of state for his military duty, he *shall* have parenting time" (emphasis added). Likewise, in the two paragraphs immediately following the mediation paragraph, the Decree provides that the parties "*shall* communicate primarily via email exchanges" and "*shall* equally divide the cost of all transportation for Father's parenting time." (emphasis added). To interpret the word "may" in the mediation clause as mandatory rather than permissive would render the distinction between the two words meaningless. *See Walter v. Wilkinson*, 198 Ariz. 431, 432, ¶ 7 (App. 2000) ("If a statute employs both mandatory and discretionary terms, we may infer . . . that each term carries its ordinary meaning."). Thus, the superior court erred in interpreting the Decree as requiring mediation before petitioning to modify.

## II.     Substantial and Continuing Change in Circumstances

¶11 We review an order regarding the modification of parenting time for an abuse of discretion. *In re Marriage of Diezsi,* 201 Ariz. 524, 525, ¶ 3 (App. 2002). To modify a custody or parenting time order, the family court must determine that a "material change in circumstances affecting the welfare of the child" has occurred. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015). The family court has broad discretion to determine whether a material change in circumstance has occurred. *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994).

¶12 Whether the superior court had a copy of the entire petition is unclear. The version of Father's petition in the electronic record shows enumerated page 1 ending mid-sentence in paragraph 3, immediately followed by enumerated page 3, starting with paragraph 8. Page 4 contains counsel's signature and page 5 contains Father's verification. The petition is obviously missing page 2. Father alleges in his reply brief that he sent the court a copy of the conformed petition, including the missing page, and that the clerk erroneously excluded the page.

¶13 Father alleges he informed the court, presumably on page 2, that he retired from active military duty and had permanently returned to the Phoenix area. To the extent Father's petition did not allege sufficient facts due to the missing page, we note that it was obvious the petition was missing a substantive page. Because the court did not acknowledge the clearly missing page, we assume the court had a copy of the full petition.

**¶14** Moreover, no one disputes that Father's simultaneously-filed motion for temporary orders alleged that he retired from active military duty and would be living within minutes of Mother. Mother did not oppose Father's petition or motion or object to any of Father's factual allegations. The record shows a material change in circumstances occurred when Father retired and permanently returned to Phoenix.

**¶15** The superior court did not specifically address Father's request to modify child support. Father alleged that the parties were informally sharing alternating-week parenting time. Father also alleged increased incomes for both parties. Father presented a colorable claim to support a substantial and continuing change in circumstances under A.R.S. § 25-327(A).

**¶16** Therefore, the superior court abused its discretion in determining that no material change in circumstances had occurred, and in not holding a hearing to determine whether Father's child support obligation should be modified. We vacate the dismissal of Father's motion and petition and remand for the court to hold a hearing pursuant to A.R.S. § 25-411(L), which requires the court to "set a date for hearing on why the requested modification should not be granted" upon finding cause for a hearing.

## III. Attorneys' Fees and Costs

**¶17** Father requests his attorneys' fees on appeal under A.R.S. §§ 25-324 and -327(A), as well as the Decree, which provides that if legal proceedings are commenced to construe or enforce the terms of the Decree, "the prevailing Party in any such action shall recover his or her attorneys' fees." Mother also requests an award of fees under § 25-324 pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.

**¶18** The prevailing-party provision in the Decree does not control our award of fees on appeal. *Bobrow v. Bobrow*, 241 Ariz. 592, 598–99, ¶¶ 30–31 (App. 2017) (citing *Edsall v. Superior Court In & For Pima Cty.*, 143 Ariz. 240, 247–49 (1984)). Instead, we determine whether to award fees under A.R.S. § 25-324. After considering the reasonableness of the parties' respective arguments on appeal and the financial disparity between the parties, we decline to award either party their attorneys' fees.

**CONCLUSION**

¶19          For the foregoing reasons, we vacate the superior court's dismissal of Father's petition and motion and remand for actions consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA