NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:
ELOISE MURILLO LOPEZ, *Petitioner/Appellant*,

*v.*

JEFFREY DOUGLAS TINNEAN, *Respondent/Appellee*.

No. 1 CA-CV 24-0703 FC

FILED 04-22-2025

Appeal from the Superior Court in Maricopa County
No. FC2019-005392
The Honorable Amy Kalman, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Colburn Hintze Maletta, PLLC, Phoenix
By Henry Alzate
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

¶1        Eloise Murillo Lopez ("Mother") appeals from a post-decree order granting Jeffrey Douglas Tinnean ("Father") final medical decision-making authority for the parties' children, awarding Father reimbursement for overpaid child support, and prospectively sanctioning Mother for her future failure to use a court-ordered co-parenting communication application. Mother raises a debatable issue on the sanctions, and Father confesses to reversible error by failing to file a responsive brief. We vacate the prospective sanctions but affirm on all other grounds.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Mother and Father petitioned the superior court to establish legal decision-making, parenting time, and child support in mid-2019. In early 2020, the court entered a decree resolving the issues. The parties had two children under five at the time of the judgment. Both parties originally intended to follow a delayed schedule for vaccinating the children. Father claimed that Mother did not plan to vaccinate them at all or would limit the vaccinations. The judgment ordered Father to pay $504 monthly for child support. It awarded the parties joint legal decision-making authority but granted Mother final decision-making authority if, after good-faith efforts to agree, the parties still disagreed. In mid-2022, the court retroactively reduced child support payments to $0, starting the month before it entered the order. The court required the parties to communicate through a co-parenting application as part of the modification order.

¶3        In late 2023, Father petitioned for final decision-making authority partly because Mother failed to respond to requests to vaccinate the children. Father also requested that Mother reimburse him for the cost of the co-parenting application as she refused to use it. Father petitioned to reimburse for an overpayment of child support shortly afterward, alleging Mother refused to repay overpaid child support payments made after the 2022 order. The overpayments occurred based on child support deducted

by Father's payroll processor after the court terminated his child support obligation. Mother counter-petitioned for sole legal decision-making authority.

**¶4**  The superior court held a trial in mid-2024 to resolve the pending issues and, in the post-trial order, granted Father final decision-making authority on medical issues, ordered Mother to reimburse him for the overpaid child support, ordered Mother to reimburse him for the cost of the co-parenting application, and prospectively sanctioned Mother by ordering that she pay Father $50 each time she refused to use the co-parenting application in the future. Mother appealed.[1] We have jurisdiction under Arizona Revised Statutes § 12-2101(A)(1) and Arizona Rule of Family Law Procedure ("Rule") 78(c).

## DISCUSSION

**¶5**  Mother challenges three aspects of the court's order: the order to reimburse Father for the overpaid child support, the prospective sanction of $50 every time she fails to use the co-parenting application, and the grant of final medical decision-making authority to Father. Father did not file an answering brief. When an appellee fails to file an answering brief and no valid excuse is shown, we treat the failure to respond as a confession of reversible error on any debatable issue raised. *See, e.g.*, *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958). And contrary to cases from this court suggesting the discretionary nature of the doctrine, *see, e.g.*, *Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994), our supreme court has never recognized that we may arbitrarily waive a confession of error, *see In re Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *2, ¶¶ 9-10 (Ariz. App. Mar. 26, 2024) (mem. decision) (Morse, J., specially concurring). An exception exists, however, when considering the best interests of children. *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966), *cited with approval in Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003).

**¶6**  Debatable issues include those that "would require much industry and independent research to refute," *Merill v. Wheeler*, 17 Ariz. 348, 350 (1915), or those raising "at least grave doubt" about the court's order, *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932). That said, an issue is not debatable

---

[1]  Father cross-appealed but did not comply with ARCAP 12(d)(1) and this court dismissed his cross-appeal as a result.

if the record resolves the question raised. *See, e.g., Air E., Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971); *Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980).

¶7            Father appeared in this court, filing a cross-appeal opening brief after Mother filed her opening brief. The only issue he addressed in his cross-appeal was whether the court erred by affirming an equal division of court-appointed advisor fees. Father did not include a response to the issues raised by Mother. From this, we infer that Father knew about Mother's appeal and decided to pursue his claim no longer or defend against Mother's. We find no good reason for his failure to answer Mother's claims. Thus, Father confessed error to any debatable issues raised by Mother. If it is clear, however, that the superior court did not err, we will still affirm regardless of the confession of error. *See Honsey*, 126 Ariz. at 337.

## A.      Mother Raised No Debatable Issue with the Court Awarding Father Reimbursement for Child Support Overpayments.

¶8            Mother argues that the court erred by requiring her to reimburse Father for overpaid child support because the court disregarded the requirements for a petition for civil contempt. We note that if Father's petition were a contempt petition, as Mother alleges, it would divest this court of jurisdiction to hear Mother's argument. Generally, a contempt order is appealable only by special action, meaning we only have jurisdiction if we treat the appeal as a special action and accept jurisdiction. *See Peace v. Peace*, 234 Ariz. 546, 547, ¶ 4 (App. 2014). Our jurisdiction is not in doubt here because Father's petition was mischaracterized as contempt.

¶9            A civil contempt finding may only be used in the context of family law to compel compliance with a court order or to compensate for a failure to comply with a court order. Ariz. R. Fam. L.P. 92(a)(1). "Civil contempt arises when a party refuses to do an act he is lawfully ordered to do . . . ." *Holt v. Hotham*, 197 Ariz. 614, 616, ¶ 11 (App. 2000). As Mother correctly points out, she was under no lawful order to reimburse Father for the overpayment. But Father, in his petition, was neither seeking that the court find Mother in contempt nor alleging a willful failure to comply with a court order. Instead, he sought to enforce the changed child support term that had been entered in 2022, making his petition a Petition to Enforce a Judgment under Rule 91. We treat it as such. *See* Ariz. R. Fam. L.P. 24(d) ("Pleadings must be construed so as to do substantial justice."); *Genardini v. Kline*, 19 Ariz. 558, 562 (1918) ("[I]t is the duty of the courts to look to the substance [of a document], the record made, and disregard the mere name given to [an] action.").

¶10 Father presented evidence supporting his claim that he overpaid, and Mother did not contest the overpayment. Rather, she argues that Father disregarded the service rules for a contempt petition and that the court erred because she presented evidence Father owed her child support.[2] Even assuming Mother was improperly served under the requirements for a petition to enforce, she waived that argument by substantively responding to the petition in the superior court. *Cf. Tarr v. Superior Court (Jensen)*, 142 Ariz. 349, 351 (1984) (In a civil suit, filing a responsive pleading constitutes a general appearance evidencing an intent to submit to the court's jurisdiction.); *Nat'l Homes Corp. v. Totem Mobile Homes Sales, Inc.*, 140 Ariz. 434, 437 (1984) (same). Similarly, although Mother alleged that Father owed her child support, she did not petition to enforce payment or contest Father's overpayment. The record shows Father overpaid after the 2022 order. Thus, neither ground raises an issue with the court's ruling. *See Air E., Inc.*, 14 Ariz. App. at 294 (When the record resolves an issue, it is not debatable.).

¶11 Construing Father's petition as a petition to enforce, the record supports the court's reimbursement award. Mother raised no debatable issue, and we affirm the reimbursement order.

## B. It Is Debatable Whether the Court Can Impose a Prospective Sanction Against Mother.

¶12 Mother contends the court erred by imposing a prospective fine for future failures to use the court-ordered co-parenting application. Mother argues the order, which reads, "for every incident where Mother refuses to use Our Family Wizard for nonemergency legal decision-making or parenting time issues, Mother will be fined $50.00 to be paid to Father . . . . includ[ing] not reading Father's messages," gives coercive power to Father and contains no safeguard or way to purge the fine.

¶13 Whether the court erred by imposing the sanction would require substantial independent research. It is not immediately apparent that the superior court complied with the procurement requirements for the specific co-parenting communication service ordered. *See* Ariz. Code of Jud. Admin. § 1-402; Maricopa County Superior Ct. Admin. Ord. No. 2013-183 (The superior court adopted the Judicial Branch Procurement Code.). And it is not apparent whether the court holds the authority to issue such a

---

[2] Mother does not argue that the reimbursement order violated A.R.S. § 25-527(B). Any error about that issue is waived.

sanction barring a finding of contempt, *Kelly v. Kelly*, 252 Ariz. 371, 376, ¶ 21 (App. 2021) ("The superior court may . . . impose a progression of monetary sanctions on *contemptuous* parents . . . ." (emphasis added)), or whether the court has the authority to enforce a prospective sanction without a judgment, *cf.* A.R.S. § 25-503(I) (The legislature established, by statute, that each child support payment becomes an enforceable final judgment when it is due.). And the order violates the statutory requirement that contemptuous fines be paid to the alternative dispute resolution fund. *See* A.R.S. § 25-414(A)(5).

¶14      Whether the court can authorize the use of the specific co-parenting application, authorize the sanctions, or enforce the sanctions is debatable, and Father confesses the court's error. As a result, we vacate the order.

## C. The Court Did Not Err by Assigning Father Medical Decision-Making Authority.

¶15      Mother finally argues the court abused its discretion by awarding Father final medical decision-making authority for the parties' children. We do not consider Father's failure to respond to this argument a confession of error because to do so may be contrary to the children's best interests. *See Hoffman*, 4 Ariz. App. at 85. Instead, we review the court's award to ensure that the record is not "devoid of competent evidence to support [its] decision" and that the court committed no errors of law in reaching a discretionary decision. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018) (citation omitted). We defer to a court's factual findings unless they are clearly erroneous. *Id.*

¶16      Mother contends the court should not have awarded Father final medical decision-making authority because there was neither a change in circumstance nor was granting Father medical decision-making in the children's best interests. *See Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020) (To modify a decision-making order, the court must first determine a material change of circumstance, then determine the child's best interests.). We find no error in either determination.

¶17      When the court first granted Mother final medical decision-making authority to delay vaccinations, the parties' children were ages four and one. But at the time of the current order, the children were ages eight and six, still unvaccinated, and Mother had never provided a vaccination schedule. The court cited Mother's complete refusal to vaccinate the children, rather than her wish to delay their vaccinations, as

the change in circumstance, and the record supports this. *See Backstrand*, 250 Ariz. at 343, ¶ 14 (The trial court's changed-circumstance determination will not be reversed without supporting evidence.). As for the children's best interests, Mother argues the testimony was unreliable and biased against her. In so doing, she concedes the court heard testimony supporting its best-interests determination. We do not reweigh evidence on appeal but defer to the superior court's credibility and evidentiary weight determinations. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**¶18**　　　　When the record shows competent evidence supports the court's decision, as here, we must affirm. *See Engstrom*, 243 Ariz. at 471, ¶ 4. We affirm the medical decision-making order.

## ATTORNEY'S FEES AND COSTS

**¶19**　　　　Mother requests her attorney's fees and costs on appeal under A.R.S. § 25-324 and ARCAP 21. Neither party presented evidence of their relative financial situations, and Father has not acted unreasonably by failing to file an answering brief. Per our discretion, we decline to award Mother her attorney's fees. As Father prevailed on more issues, Mother is not the prevailing party on appeal and is not entitled to recover costs. *In re Marriage of Morris & Mandel*, 255 Ariz. 158, 165, ¶ 36 (App. 2023).

## CONCLUSION

**¶20**　　　　We vacate the court's prospective sanctions but affirm on all other grounds.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR