7 P.3d 970

**STATE of Arizona ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona in and for the County of Maricopa, the Honorable Michael A. Yarnell, a judge thereof, Respondent,**

**Joel Dee Clements, Real Party in Interest.**

**No. 1CA–SA 00–0189.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 24, 2000.

Richard M. Romley, Maricopa County Attorney By Rosa Mroz, Deputy County Attorney, Phoenix, for Petitioner

Daniel R. Raynak, Phoenix, for Real Party in Interest

OPINION

EHRLICH, Judge.

¶ 1 The State seeks special-action relief from the ruling of the superior court that an eight-person jury must reach a unanimous verdict to commit Joel Dee Clements as a sexually violent person in accord with Arizona's Sexually Violent Persons Act ("Act"). ARIZ.REV.STAT. ANN. ("A.R.S.") § 36–3701 *et seq.* We conclude that the court erred in deciding that the Act's evidentiary standard of "beyond a reasonable doubt" requires a unanimous verdict in a civil case. Therefore, by previous order, we have accepted jurisdiction and granted the relief requested by the State, promising that this opinion would follow.

*FACTUAL AND PROCEDURAL HISTORY*

¶ 2 Clements was convicted of sexual assault and sentenced to serve two concurrent terms of 14 years each. Near the time he was set to be released from the custody of the Arizona Department of Corrections, the State petitioned for Clements' civil commitment as a sexually violent person. A.R.S. § 36–3704; *see Martin v. Reinstein,* 195 Ariz. 293, 307, 987 P.2d 779, 793 (1999).[1] A psychosexual evaluation of Clements was performed, resulting in an opinion by the examiner that Clements was likely to engage in acts of sexual violence in the future. In reliance on this analysis, the superior court found that probable cause existed to believe that Clements should be committed to the Arizona Community Protection and Treatment Center. A.R.S. § 36–3705. This finding was affirmed upon the court's reconsideration, and a jury trial was scheduled. A.R.S. § 36–3706.

¶ 3 On May 22, 2000, the State filed a "Motion for Eight Person Jury and Majority Verdict," citing Article 2, Section 23 of the Arizona Constitution and A.R.S. section 21–102(C). Clements responded with two contentions: The first was that, because he faced 30 or more years in custody, a 12–person jury was required. The second point was that, if there need be only eight persons on the jury, because the burden of proof is "beyond a reasonable doubt," although it is a civil case, the verdict of the jurors must be unanimous. The superior court granted that portion of the State's motion that an eight-person jury was lawful, an issue not now being pursued. However, it denied that part of the State's motion for a verdict to be rendered by six out of eight jurors, reasoning that a requirement of a unanimous verdict should be "read in" to the Act's evidentiary standard of "beyond a reasonable doubt." The State petitioned this court for special-action review of that portion of the decision.

*JURISDICTION*

¶ 4 The acceptance of jurisdiction of a petition for special action is discretionary. *See State ex rel. Neely v. Rodriguez,* 165 Ariz. 74, 76 n. 4, 796 P.2d 876, 878 n. 4 (1990); *State ex rel. McDougall v. Superior Court (Martinez),* 186 Ariz. 218, 219–20, 920 P.2d 784, 785–86 (1996). Jurisdiction is appropriate when there is no equally plain, speedy or adequate remedy available by appeal, *see*

---

1. A "sexually violent person" is defined by the Act as a person who has been convicted of a sexually violent offense, such as sexual assault, and "[h]as a mental disorder that makes the person likely to engage in acts of sexual violence." A.R.S. § 36–3701(7).

*State ex rel. Collins v. Superior Court,* 129 Ariz. 156, 159, 629 P.2d 992, 995 (1981); *State ex rel. Romley v. Superior Court (Cunningham),* 184 Ariz. 409, 410, 909 P.2d 476, 477 (1995), or when the case presents a narrow question of law of statewide importance. *See Fiveash v. Superior Court (State of Arizona),* 156 Ariz. 422, 423, 752 P.2d 511, 512 (1988).

■ ¶5 Certainly, this case presents a significant legal question. The issue whether a unanimous verdict is required before committing a person subject to the Act has not been decided by an appellate court, and the superior courts are in need of guidance in this area since it is presented in every case arising under the Act.

### *DISCUSSION*

■ ¶6 Cases brought under the Act are civil cases. *See Martin,* 195 Ariz. 293, 307, 987 P.2d 779, 793; *see also Kansas v. Hendricks,* 521 U.S. 346, 369, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997); *Allen v. Illinois,* 478 U.S. 364, 374, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986). In civil cases, "[a] jury for trial in any court of record of a civil case shall consist of eight persons, and the concurrence of all but two shall be necessary to render a verdict." A.R.S. § 21–102(C); *see* Ariz. Const., art. 2, § 23 ("In all [non-criminal] cases, the number of jurors, not less than six, and the number required to render a verdict, shall be specified by law."); Ariz. R. Civ. P. 49(a) ("When eight jurors have been impaneled to try the action, and if there has been no stipulation as provided in Rule 48 entered in the minutes of the trial as provided by A.R.S. § 21–102, the concurrence of six or more jurors shall be sufficient to render a verdict therein.").[2]

■ ¶7 The legislature is trusted to know the pertinent law. *See Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984). Accordingly, when it specified in the Act that the Arizona Rules of Civil Procedure were to apply, A.R.S. § 36–3704(B), it knew of the Arizona Constitution, A.R.S. section 21–102(C) and Rule 49(a) of the Arizona Rules of Civil Procedure. Therefore, if the legislature had intended to require a unanimous verdict, it could and would have done so explicitly. *Compare* A.R.S. § 36–3701 *et seq. with* Cal. Wel. & Inst.Code § 6603(d)(West Supp.1999) (in sexually violent predator cases, a unanimous verdict is required in any jury trial); Fla. Stat. Ann. §§ 916.36(5), 916.37(1) (West 1998) (renumbered 394.916(5), 394.917(1)(West 2000))(same); Iowa Code § 229A.7(2), (3) (1998) (same); Kan. Stat. Ann. §§ 59–29a06, 59–29a07(a) (1998) (same); Wash. Rev.Code §§ 71.09.050(3), 79.09.060(1) (1999) (same); Wis. Stat. Ann. §§ 980.03(3), 980.05(2) (West Supp.1998) (same). Because the Arizona legislature did not impose such a requirement, a jury deciding a civil-commitment case brought under the Act shall consist of eight persons in which the concurrence of six or more jurors shall be sufficient to render a verdict.

¶8 This is unchanged by the standard of proof provided by the legislature, that of "beyond a reasonable doubt." A.R.S. § 36–3707(A) ("The court or jury shall determine beyond a reasonable doubt if the person named in the petition is a sexually violent person."). While the standard of "beyond a reasonable doubt" and the requirement of a unanimous verdict have traditionally coexisted, tradition does not dictate that they are necessarily linked by law. *See Apodaca v. Oregon,* 406 U.S. 404, 412–14, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) (conviction of a crime requiring proof of guilt beyond a reasonable doubt not violative of right to trial by jury when accomplished by less-than-unanimous jury); *Johnson v. Louisiana,* 406 U.S. 356, 362–64, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972) (a less-than-unanimous verdict in cases requiring proof of guilt beyond a reasonable doubt is valid under the Due Process and Equal Protection Clauses). There are civil cases in which the standard of "beyond a reasonable doubt" is used, for example in certain types of parental-rights cases. *See, e.g., Matter of Maricopa County Juvenile Action No. JS–8287,* 171 Ariz. 104, 113, 828 P.2d 1245, 1254 (1991) (affirming the trial

---

**2.** Arizona Rule of Civil Procedure 48 provides that "[t]he parties may stipulate that the jury shall consist of any number less than eight but not less than three, or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury."

court's decision to terminate biological mother's parental rights based upon the standard of proof of beyond a reasonable doubt). Indeed, neither we nor counsel have been able to find statutory requirement, case law or persuasive analysis dictating that such an alleged hybrid of the standard of "beyond a reasonable doubt" in a civil case requires a unanimous verdict or cannot exist. Thus, there is no authority for declaring invalid the provisions of the Arizona law that provide that, in the case of the civil commitment of a sexually violent person, a verdict of six of eight jurors is sufficient.

### CONCLUSION

¶ 9 Because we find that the superior court erroneously ruled that an eight-person jury must reach a unanimous verdict to commit Clements as a sexually violent person in accord with Arizona's Sexually Violent Persons Act, we vacate the order of the superior court and grant the relief requested by the State.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge and JON W. THOMPSON, Judge.