**Aaron Scott BURNS, Petitioner–Appellant,**

v.

**James MCFADDEN, Warden; Arizona Attorney General, Respondents–Appellees.**

No. 01–16539.

D.C. No. CV–00–01933–SRB.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002 *.

Decided Jan. 28, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SNEED, KLEINFELD and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Arizona state prisoner Aaron Scott Burns appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus peti-tion, challenging his guilty plea conviction and sentence for one count of drive-by shooting. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of a habeas corpus petition on procedural grounds, *see James v. Pliler,* 269 F.3d 1124, 1125 (9th Cir.2001), and we affirm.

Burns contends that the district court erred when it concluded he failed to prop-erly exhaust his claim by presenting it in a petition for special action to the Arizona Court of Appeals. See Ariz. R.P. Spec. Act. 1 (stating that "the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal."). We disagree.

A state prisoner must exhaust all avail-able state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999). Exhaustion re-quires that a habeas petitioner "fairly present" the substance of the claim to the state courts in order to give them an op-portunity to pass upon and to correct al-leged violations of its prisoners' federal rights. *See Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000).

In Arizona, in order to exhaust, a petitioner must first raise the claim in a direct appeal or collaterally attack his con-viction in a petition for post-conviction re-lief. See Ariz. R.Crim. P. 32.1; *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir.1999); *Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir.1994).

We agree with the district court that Burns failed to exhaust available state remedies by presenting his claim in a peti-tion for special action to the Arizona Court of Appeals. *See Castille v. Peoples,* 489

---

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as may be provid-ed by Ninth Circuit Rule 36–3.

U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (holding that raising a claim in a procedural context in which the merits would not be considered absent special and important reasons does not constitute fair presentation for purposes of exhaustion); *State ex rel. Romley v. Superior Court,* 198 Ariz. 164, 7 P.3d 970, 972–3 (Ariz.Ct. App.2000) (stating that acceptance of jurisdiction of a petition for special action is discretionary and appropriate when there is no equally plain, speedy or adequate remedy available by appeal, or when the case presents a narrow question of law of statewide importance).

■ Burns next contends that we should review the merits of his claim because it is procedurally barred under Arizona law. Although we agree that Burns' claim is procedurally barred under Arizona law because he can no longer file a petition for review of the trial court's denial of his first petition for post-conviction relief, *see* Ariz. R.Crim. P. 32.9(c) (stating that a petition for review must be filed within thirty days after the final decision of the trial court), we decline to reach the merits of his claim because he has demonstrated neither cause for his default and prejudice or a fundamental miscarriage of justice. *See Boyd v. Thompson,* 147 F.3d 1124, 1126–27 (9th Cir.1998). Accordingly, the district court properly denied Burns § 2554 habeas petition.

AFFIRMED.