80 P.3d 280

**Joseph Rocco PARENT, Jr., Petitioner,**

v.

**The Honorable Crane McCLENNEN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**The State of Arizona, ex rel. Richard M. Romley, Maricopa County Attorney, Real Party in Interest.**

No. 1 CA–SA 03–0185.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 4, 2003.

1. The Honorable Cecil B. Patterson, Jr., Retired, was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Article 6, Section 20 of the Arizona Constitution and A.R.S. § 38–813 (2001).

474

James J. Haas, Maricopa County Public Defender, by Michele Lawson, Deputy Public Defender, Marci Kratter, Deputy Public Defender, Phoenix, Attorneys for Petitioner.

Richard M. Romley, Maricopa County Attorney by Arthur Hazelton, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

FOREMAN, Judge.

¶ 1 Joseph Rocco Parent, Jr., seeks special action relief from a ruling by one judge of the superior court that his sentence for criminal damage, a class six felony, could be enhanced by two prior felony convictions. The motion to allege the prior convictions was filed by the State after another judge had accepted Parent's plea to the charge.

¶ 2 We previously issued an order accepting jurisdiction and granting relief, with this opinion to follow. Because it was error for the trial court to grant the State's motion to allege the priors to enhance Parent's sentence after the guilty plea had been entered and accepted, we also ordered the trial court to proceed with sentencing without the use of the prior convictions for enhancement.

## BACKGROUND

¶ 3 Parent was charged by complaint with criminal damage. After his arraignment, defense counsel filed a request for disclosure asking for a "list of all prior felony convictions" the State intended to use against Parent. The State later filed its notice of discovery without reference to any prior convictions. The State offered to allow Parent to plead guilty to the charge as a class six undesignated felony.

¶ 4 After the initial pretrial conference, defense counsel informed the prosecutor that Parent could not accept the plea offer because he could not avow, as the offer required, that he had no prior felony convictions. The State withdrew the plea offer and offered a new plea agreement that would have required Parent to plead guilty to the charge with two prior felony convictions.

¶ 5 Defense counsel requested a settlement conference. See Ariz. R.Crim. P. ("Rule") 17.4(a). Following the usual practice, the settlement conference was held before a judge other than the judge to whom the case was assigned for trial. See id. At the settlement conference, Parent rejected the State's plea offer. However, the settlement judge, the Honorable Gregory Martin, over the State's objection, accepted a guilty plea to the original charge. When Parent entered his plea, the time for filing a motion to allege any prior convictions for punishment enhancement had not expired and the State had expressed its intent to file such a motion. See Ariz.Rev.Stat. ("A.R.S.") § 13–604(P) (Supp. 2003) (State may allege prior convictions for punishment enhancement "at any time prior to the date the case is actually tried unless the allegation is filed fewer than twenty days before the case is actually tried and the court finds on the record that the defendant was in

fact prejudiced by the untimely filing"); Rule 16.1(b) ("All motions shall be made no later than 20 days prior to trial.").

¶ 6 After the case was returned to the assigned trial judge for sentencing, the State filed its motion to enhance Parent's punishment with his prior convictions or to set aside the guilty plea as having been accepted in violation of Rule 17.4. The State pointed out Rule 17.4(a) requires that "the case shall be returned to the trial judge" when the parties do not reach an agreement at a settlement conference.

¶ 7 Because the State's allegation was filed before any trial took place, the trial judge, the Honorable Crane McClennen, construed § 13–604(P) to mean "there is no deadline" on the filing of prior convictions when a change of plea occurs. Defense counsel argued, however, Parent's plea was no longer voluntary and intelligent because the settlement judge had advised Parent of the range of sentence based on the original charge without the two prior convictions. The trial judge then gave Parent the choice of proceeding with sentencing enhanced by two prior convictions or withdrawing from the plea and proceeding to trial with the prior convictions alleged. The trial judge also stayed the proceedings to allow Parent to seek appellate review. This special action followed.

**JURISDICTION**

¶ 8 Special action jurisdiction is appropriate when a party has no equally plain, adequate or speedy remedy by appeal. *Holt v. Hotham ex rel. County of Maricopa,* 197 Ariz. 614, 615, ¶ 4, 5 P.3d 948, 949 (App.2000). Another important consideration in exercising special action jurisdiction is whether the petition presents a question of law that is of statewide importance. *State ex rel. Romley v. Superior Court,* 198 Ariz. 164, 165–66, ¶ 4, 7 P.3d 970, 971–72 (App.2000). Here, Parent has raised a "nonfrivolous double jeopardy claim" and has no adequate remedy by appeal. *Coy v. Fields,* 200 Ariz. 442, 443, ¶ 1, 27 P.3d 799, 800 (App.2001). Because settlement conferences are increasingly used in criminal cases and this case raises issues of statewide importance that may recur, we accepted jurisdiction.

**DOUBLE JEOPARDY**

¶ 9 The Fifth Amendment to the United States Constitution and Article 2, Section 10 of the Arizona Constitution protect an accused against twice being placed in jeopardy for the same offense. When a trial is held, jeopardy attaches when the jury is sworn, whether it returns a verdict of guilty or not guilty. *McLaughlin v. Fahringer,* 150 Ariz. 274, 277, 723 P.2d 92, 95 (1986). Jeopardy also attaches when a guilty plea is entered by a defendant and is accepted by a court. *Dominguez v. Meehan,* 140 Ariz. 329, 331, 681 P.2d 912, 914 (App.1983), *approved* 140 Ariz. 328, 681 P.2d 911 (1984).

¶ 10 In *State v. Guytan,* 192 Ariz. 514, 522–23, ¶ 32, 968 P.2d 587, 595–96 (App. 1998), the State alleged gang motivation to enhance the defendant's possible punishment after the jury had been empaneled and jeopardy attached. This court rejected the enhancement, holding "[f]undamental fairness ... requires that a request to amend an indictment to seek sentence enhancement ... must be made before the jury is sworn." The same reasoning applies to this case where the State was allowed to allege prior convictions to enhance punishment after jeopardy attached when the plea of guilty was accepted. Once a guilty plea has been accepted, jeopardy attaches and no trial occurs. Therefore, it does not matter that A.R.S. § 13–604(P)(2001) and Rule 13.5(a) give the prosecutor the right to file prior convictions until twenty days before trial in a case when jeopardy has not attached and a trial will occur.

¶ 11 The record here suggests that the trial judge felt it was inappropriate for the settlement judge to have accepted the plea to the charge without giving the State an opportunity to file the allegations of prior convictions when the State had expressed its intention to do so and the time for filing had not expired. The record also suggests the trial judge thought it was error to allow a judge to whom the case had been assigned for a settlement conference to rule upon what became an outcome-determinative legal issue—

whether Parent would be allowed to enter a guilty plea to the charge before the State moved to allege the prior convictions—when no settlement had been reached.

¶ 12 We agree. Parent correctly points out the settlement judge was a judge of the superior court with the power to accept a change of plea. Nevertheless, the language and structure of Rule 17.4 make it clear the role of a settlement judge is limited "to participat[ion] in a good faith discussion ... regarding a non-trial or non-jury trial resolution which conforms to the interests of justice." Rule 17.4(a). "If settlement discussions do not result in an agreement, the case shall be returned to the trial judge." *Id.* The remedy used by the trial judge, however, of allowing the State to allege the prior convictions after Parent's plea had been accepted and the protection of the Double Jeopardy Clause attached is legally impermissible.

¶ 13 We believe the requirement a case that does not settle at a settlement conference be returned to the trial judge is intended to avoid the appearance of "judge-shopping." Here, Parent was able to obtain a favorable legal ruling from a judge to whom the case was not assigned for trial on a contested legal issue not only important to the outcome of the case but inconsistent with the trial judge's inclination. Rule 17.4(a) plainly disapproves of this action, reflecting a policy that proper case management is promoted by having the assigned judge make the essential decisions regarding a case.

¶ 14 Allowing settlement judges to make substantive rulings in cases in disregard of Rule 17.4(a) may have a significant impact on the criminal justice system because the settlement conference process could be abused by using it to obtain a peremptory notice of change of judge without the avowals required by our supreme court and after the time period for filing a notice has passed. *See* Rule 10.2(b),(c). Additionally, parties may be less willing to take part in settlement conferences if they also must assume the risk the settlement conference judge will rule upon contested issues in order to facilitate a resolution even when one party objects.

¶ 15 For reasons not clear from the record here before us, the State chose not to seek special action relief from the settlement judge's action accepting Parent's plea without allowing the State to move to allege his prior convictions for sentence enhancement. Therefore, the issue of the settlement judge's action is not before us, and we do not rule upon its propriety. The issue that is before us is whether a trial judge can force a defendant to choose between withdrawing his previously accepted guilty plea to the charge or being sentenced for a term greater than authorized by the charge to which he plead guilty. Because jeopardy attached when the plea was accepted, and the State did not challenge the acceptance of the plea by the settlement judge, we hold that the trial judge erred by allowing the State to allege prior convictions to enhance Parent's sentence.

## CONCLUSION

¶ 16 The use of Parent's prior convictions to enhance his sentencing range under A.R.S. § 13-604(P), after his guilty plea without any allegation of prior convictions had been accepted, violated his constitutional right not to be placed twice in jeopardy for the same offense. The matter is remanded to the trial court for sentencing without the prior convictions.

CONCURRING: PATRICK IRVINE, Presiding Judge and SUSAN A. EHRLICH, Judge.

NOTE: The Honorable John Foreman, a judge of the Maricopa County Superior Court, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.