NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ALBERT NASH, JR., *Petitioner*,

*v.*

THE HONORABLE TINA R. AINLEY, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of YAVAPAI,
*Respondent Judge,*

STATE OF ARIZONA, *Real Party in Interest.*

No. 1 CA-SA 14-0135
FILED 08-19-2014

---

Petition for Special Action from the Superior Court in Yavapai County
No.  P1300CV201400249
The Honorable Tina R. Ainley, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED IN PART**

---

COUNSEL

Yavapai County Public Defender's Office, Prescott
By Grace M. Guisewite
*Counsel for Petitioner*

Yavapai County Attorney's Office, Prescott
By Benjamin D. Kreutzberg, Carol D. Kennedy
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge Michael J. Brown and Judge Lawrence F. Winthrop joined.

---

**P O R T L E Y**, Judge:

**¶1**        Albert Nash, Jr., awaits a civil trial seeking to declare him a Sexually Violent Person ("SVP") pursuant to Arizona Revised Statutes ("A.R.S.") sections 36-3701 et seq.[1]  In his special action petition that seeks an order dismissing the action, he raises two issues:  first, whether the trial court abused its discretion by granting the State's request to continue the trial even though the continuance was caused by the State's lack of due diligence; and second, whether the continuance violated his due process rights.  We accept special action jurisdiction and grant relief in part.

## PROCEDURAL BACKGROUND

**¶2**        The State filed a petition for detention of Nash as an SVP person on February 28, 2014.[2]  Two business days later, the trial court ordered that Nash be detained pending trial and set trial to begin on June 18, 2014.  Nash was released from prison on March 28 and was immediately detained at the Arizona State Hospital.

**¶3**        On May 1, the State contacted Barry Morenz, M.D., to be its expert, and learned that he would be unable to evaluate Nash until July 7, 2014.  During the first status conference on May 27, the State requested a continuance, and the trial court addressed the request at a hearing six days later.  After argument, the court granted the request, vacated the trial date

---

[1] We cite the current statute unless otherwise noted.

[2] Nash has three felony convictions for sexual crimes.  He was found guilty of two counts of attempted child molestation in 1990 and sentenced to eleven years in prison on one count and twenty years of probation on the other.  In July 2009, he was found guilty of furnishing harmful items to minors with one historical prior felony and sentenced to a six-year prison term and reinstated on lifetime probation for the earlier attempted molestation.

and set a pretrial conference for June 23.[3]  Nash unsuccessfully asked the court to reconsider its ruling and reinstate the June trial date.  At the pretrial conference, the court set the trial to begin in September 2014.

## JURISDICTION

**¶4**        We have discretion to accept special action jurisdiction. *Ugalde v. Burke*, 204 Ariz. 455, 457, ¶ 5, 65 P.3d 103, 105 (App. 2003).  We will exercise our discretion to accept jurisdiction over the trial court's determination that the State demonstrated good cause to continue the trial to September 2014 because Nash has no equally plain, speedy or adequate remedy by appeal.[4]  *See id.*

## DISCUSSION

**¶5**        The issue in this case is whether the trial court abused its discretion by continuing the trial date beyond the 120 days set in A.R.S. § 36-3706.  We review the court's ruling for an abuse of discretion.  *Id.* at 458, ¶ 10, 65 P.3d at 106 ("Whether the facts of a particular case establish 'good cause' is a matter left to the sound discretion of the trial court.").  Although Nash does not challenge the determination that Dr. Morenz was unable to interview and evaluate him until July 7, he challenges the failure of the State to explain why the State was unable to contact or hire Dr. Morenz, or any another expert, prior to May 1.

**¶6**        In *Ugalde*, this court listed various factors a trial court can consider in evaluating "good cause" for a continuance.  *Id.* at ¶ 11.  We noted, however, that although a court can "postpone an SVP trial beyond the 120-day period[, it] is not an endorsement of a lack of diligence in prosecuting these cases."  *Id*. at ¶ 12.  In fact, we concluded by stating "that the State has a duty to prosecute these cases diligently and that trial courts also have a duty to manage these cases to comply with the 120-day deadline, allowing postponements only when justified under § 36-3706." *Id*. at ¶ 13.

**¶7**        There is no evidence in the record, as presented to us, that explains why the State was unable to contact Dr. Morenz or any other expert until May 1.  In its response to the petition for special action, the State

---

[3] The court also ruled that "[t]ime is excluded." There is, however, no exclusion of time in civil cases.  Instead, an SVP trial can be continued at the request of either party "on a showing of good cause."  A.R.S. § 36-3706.
[4] We deny the request to take jurisdiction over whether Nash's due process rights were violated because the issue was not raised with the trial court.

argues that "the choice of an expert is so important to an SVP case" and "can logically take some time," and that once selected, "the assigned attorney may need to obtain the necessary clearances to spend the several thousand dollars required to pay for an expert." As a result, the State concludes the "delay of approximately two months between the filing of the SVP petition and the contact of an expert simply does not rise to the level of a lack of diligence."

¶8 There is, however, nothing in the record to support the argument. Trial counsel did not tell the court, on the record or by affidavit, what efforts had been made after March 4, or soon after Nash lost the ability to ask for a probable cause hearing, to secure an expert and otherwise comply with Arizona Rule of Civil Procedure ("Rule") 26.1.[5] Trial counsel did not tell the court why it took until May 1, if it did, to contact Dr. Morenz or any other expert the State has used in SVP cases. As a result, there was nothing presented to the trial court to support the argument that the State was not dilatory in contacting Dr. Morenz.

¶9 Dismissal of the SVP action is a drastic sanction. *See Estate of Lewis v. Lewis*, 229 Ariz. 316, 323-24, ¶ 18, 275 P.3d 615, 622-23 (App. 2012) (citing *Birds Int'l Corp. v. Ariz. Maint. Co.*, 135 Ariz. 545, 547, 662 P.2d 1052, 1054 (App. 1983). Because there is no information in the record to determine whether the State was or was not dilatory prior to May 1, we remand the issue to the trial court for a hearing to determine whether the State acted in a dilatory fashion between March 4, the date the trial was set, March 28, the date Nash was detained in the State Hospital, and May 1, when the State first spoke with Dr. Morenz. If the court, after considering the information, finds that the State was not dilatory, the case proceeds. If,

---

[5] Section 36-3704(B) states that the Arizona Rules of Civil Procedure apply to SVP proceedings. A.R.S. § 36-3704(B); *see Ugalde*, 204 Ariz. at 458 n.2, ¶ 11, 65 P.3d at 106 n.2. As a result, both parties have a duty to timely disclose information, including their experts, pursuant to Rule 26.1. Because an SVP case does not require a responsive pleading after the petition has been filed, there is no pleading that would trigger the Rule 26.1 disclosure forty days later. Ariz. R. Civ. P. 26.1(b). The rule, however, suggests that if the disclosure is made less than sixty days before trial, the disclosing party needs to seek the court's permission pursuant to Rule 37(c)(2). *See* Ariz. R. Civ. P. 26.1(b)(2). Moreover, professionalism requires the lawyers for both parties to communicate with each other, which could include outlining a discovery schedule, otherwise agreeing how to proceed with discovery and disclosure, or requesting the court's help with those issues at a status or pretrial conference.

however, the court finds that the State was dilatory after the June trial date was set and/or after Nash was detained at the State Hospital, the court can determine what civil sanctions, if any, are appropriate for the lack of diligence in securing an expert resulting in the trial being continued beyond the original 120-day limit. *See Rivers v. Solley*, 217 Ariz. 528, 530-31, ¶ 13, 177 P.3d 270, 272-73 (App. 2008).

## CONCLUSION

¶10        Based on the foregoing, we accept special action jurisdiction and grant relief in part.

