NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE STEVEN F. CONN, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MOHAVE,
*Respondent Judge,*

KENNETH EDWIN LUNSFORD a.k.a. KENNETH KEVIN LUNSFORD,
*Real Party in Interest.*

No. 1 CA-SA 14-0229
FILED 12-18-2014

Petition for Special Action from the Superior Court in Mohave County
No.  CR-2014-1114
The Honorable Steven F. Conn, Judge

**JURISDICTION ACCEPTED, RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Megan McCoy
*Counsel for Petitioner*

Mohave County Public Defender's Office, Kingman
By Jacobo Chavez
*Counsel for Real Party in Interest*

**DECISION ORDER**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

**P O R T L E Y**, Judge:

¶1        Real Party in Interest, Kenneth Edwin Lunsford, failed to appear at a sentencing hearing on June 30, 2014, after entering into a plea agreement in CR 2014-00593 for possession of dangerous drugs for sale. He was subsequently arrested and sentenced to five years in prison on August 4, 2014. And as a result of his failure to voluntarily appear at his sentencing, the State indicted Lunsford for failing to appear in the first degree, a class five felony, later that month.

¶2        During his arraignment on October 24, 2014, Lunsford pled guilty to the charge and the arraignment judge found that he knowingly, voluntarily and intelligently entered into the plea. The State then unsuccessfully asked the judge to defer acceptance and made oral motions to add that he had one historical felony and the offense was committed while he was on felony release. After the defense offered a factual basis for the offense, the court accepted the plea and deferred the factual basis to the Respondent Judge.

¶3        Judge Steven Conn found a factual basis for the plea on October 30, 2014, but denied the State's motions to reconsider the acceptance of the plea, and to add allegations of prior convictions and that the offense was committed while on felony release. The State then filed its petition for special action.

¶4        We exercise our discretion and accept special action jurisdiction because the State does not have a remedy on appeal. Ariz. R.P. Spec. Act. 1.

¶5        The State first contends that the arraignment judge should have considered the views of the prosecutor pursuant to Arizona Rule of Criminal Procedure ("Rule") 17.1(c) and conformed to the preferred practice of deferring acceptance of any plea to allow the State to allege any relevant enhances. We disagree.

**¶6** A defendant can voluntarily plead guilty to a charge without a plea agreement at any time.[1] If the crime has no victim, Rule 17.1(c) requires the court to consider "the views of the parties and the interest of the public in the effective administration of justice" only when a defendant pleads no contest. Ariz. R. Crim. P. 17.1(c).

**¶7** Moreover, the court does not have to receive a factual basis for the plea at the time of its acceptance. Rule 17.3 provides that the trial court "may" at the time of the plea determine if there is a factual basis for it, or wait until a different time, but has to make the factual determination "before the entry of the judgment of guilt[.]" Ariz. R. Crim. P. 26.2(d).

**¶8** Lunsford pled guilty to the failure to appear charge without a plea agreement. After reviewing his constitutional rights and the range of sentence, the court found his plea was knowingly, voluntarily and intelligently made and accepted it, but left the factual determination to Judge Conn. As a result, jeopardy attached when the plea was accepted. *Aragon v. Wilkinson ex rel. Cnty. of Maricopa*, 209 Ariz. 61, 64, ¶ 6, 97 P.3d 886, 889 (App. 2004).

**¶9** The State contends that it did not have time to allege any enhancers for punishment. Judge Conn, however, addressed the issue in his ruling and found that the State had plenty of time between the indictment and arraignment to file its enhancers, whether as part of the indictment or separately.

**¶10** Although it is unusual for a defendant to plead guilty to a new charge at an arraignment without a plea agreement, the State was familiar with Lunsford. The State had just prosecuted him and had him sent to prison. The State had the presentence report from the sentencing when it secured the indictment and could have presented it to the grand jury, or could have filed its notice alleging enhancers separately before the arraignment.

**¶11** This case is similar to *Parent v. McClennen*, 206 Ariz. 473, 80 P.3d 280 (App. 2003). There, Parent pled guilty during a settlement conference and the settlement judge accepted the plea over the State's objection. *Id.* at 474, ¶ 5, 80 P.3d at 281. The assigned trial judge, however, thought the State could allege its enhancers and gave Parent the option of proceeding to sentencing with two prior convictions or withdrawing from

---

[1] Rule 14.3(a) anticipates that a defendant could plead guilty or no contest at an arraignment.

the plea and proceeding to trial. Parent sought special action relief. *Id.* at 475, ¶¶ 6-7, 80 P.3d at 282.

**¶12** We accepted special action jurisdiction, and found that jeopardy attached when the plea was accepted and that the State could not use the allegations of prior convictions that had been filed after the acceptance of the plea. *Id.* at 476, ¶¶ 15-16, 80 P.3d at 283. *Parent*, as a result, informs our decision in this case. Consequently, because jeopardy attached when the superior court accepted Lunsford's guilty plea, the court did not abuse its discretion by denying the motion for reconsideration and to vacate the acceptance of the plea.

**¶13** Accordingly, we accept jurisdiction over this special action, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh