NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ENRIQUE ANTONIO MORENO MEZA, *Petitioner*,

*v.*

THE HONORABLE JULIE A. LAFAVE, Commissioner of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of MARICOPA, *Respondent Commissioner,*

STATE OF ARIZONA, *Real Party in Interest.*

No. 1 CA-SA 24-0084
FILED 07-11-2024

---

Petition for Special Action from the Superior Court in Maricopa County
No.  LC2021-133678-001
Hassayampa Justice Court
No.  TR2021-133678-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

---

**REVERSED AND REMANDED**

---

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Kristen Renner, Damon A. Rossi
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**C R U Z**, Judge:

¶1　　　　In this special action, Enrique Antonio Moreno Meza seeks relief from the superior court's decision vacating the justice court's judgment and sentence of his misdeamnor DUI guilty plea and remanding for further consideration of the State's motion to dismiss. For the following reasons, we accept special action jurisdiction and grant relief.

### FACTUAL AND PROCEDURAL HISTORY

¶2　　　　On April 21, 2023, Moreno Meza pled guilty to a misdemeanor DUI under Arizona Revised Statutes section 28-1381(A)(1), (2) in the Hassayampa Justice Court. The court accepted his plea and sentenced him. Prior to Moreno Meza pleading guilty, the State moved to dismiss the misdemeanor DUI charge without prejudice so it could refile the DUI charge as a felony. The justice court denied the motion. The State did not seek special action relief from the denial of the motion to dismiss prior to the justice court's acceptance of the guilty plea or prior to sentencing.

¶3　　　　After the justice court accepted Moreno Meza's guilty plea and sentenced him, the State appealed the denial of its motion to dismiss to the superior court. The superior court vacated the judgment of the justice court and remanded for further consideration of the motion to dismiss.

¶4　　　　Moreno Meza then filed this petition for special action.

### SPECIAL ACTION JURISDICTION

¶5　　　　"Special action jurisdiction is appropriate when a party has no equally plain, adequate or speedy remedy by appeal." *Parent v. McClennen*, 206 Ariz. 473, 475, ¶ 8 (App. 2003). Moreno Meza possesses no others means of relief from the superior court's decision in the appeal from the justice court's judgment. *See* A.R.S. § 22-375; Ariz. R. Sup. Ct. App. P. Crim. 13(b). Accordingly, we accept special action jurisdiction.

**DISCUSSION**

¶6        We review a court's jurisdictional authority de novo. *Arturo D. v. Dep't of Child Safety*, 249 Ariz. 20, 23, ¶ 9 (App. 2020). Likewise, whether double jeopardy attaches is a question of law we review de novo. *Lemke v. Rayes*, 213 Ariz. 232, 236, ¶ 10 (App. 2006).

¶7        Moreno Meza argues the superior court did not have jurisdiction to consider the State's appeal. The State appealed to the superior court citing A.R.S. § 13-4032(4), (5), as the sole statutory basis to pursue an appeal or alternatively requesting the superior court treat the appeal as a special action. The superior court did not grant special action review but rather accepted appellate review. That court found jurisdiction exists "pursuant to Ariz. Const. art. VI, § 16; A.R.S. §§ 12-124(A) and 13-4031; and the Superior Court Rules of Appellate Procure—Criminal."

¶8        Under A.R.S. § 13-4032(4) the State may appeal from:

> An order made after judgment affecting the substantial rights
> of the state or a victim, except that the state shall only take an
> appeal on an order affecting the substantial rights of a victim
> at the victim's request.

In this case, the State appeals the order denying its motion to dismiss that was made prior to the judgment. Therefore, A.R.S. § 13-4032(4) does not provide a basis for the State's appeal.

¶9        Next, under A.R.S. § 13-4032(5) the State may appeal "[a] sentence on the grounds that it is illegal, or if the sentence imposed is other than the presumptive sentence authorized." An illegal sentence occurs when "the trial judge imposes a sentence that is in violation of statutory mandates." *State v. Crawford*, 159 Ariz. 339, 341 (App. 1989). A first time violation of A.R.S. § 28-1381 imposes a minimum penalty of 10 days in jail and fines. A.R.S. § 28-1381(I). The justice court considered Moreno Meza's offense a first time violation and imposed ten days in jail (nine days suspended upon completion of substance abuse treatment), fines, and completion of a substance abuse program. Since there is no presumptive sentence for misdemanor convictions, the portion of A.R.S. § 13-4032(5) that authorizes appeal by the State from a sentence "other than the presumptive sentence" is not applicable in misdemeanor cases. *Id.* at 340. Moreno Meza pled to a misdemeanor DUI, therefore there was no presumptive sentence. In this case, the justice court did not impose a sentence that violated statutory mandates.

¶10        Neither A.R.S. § 13-4032(4) nor -4032(5) authorized the State's appeal in this case. The superior court erred when it found jurisdiction to consider the State's appeal.

¶11        Moreno Meza also argues the superior court precipitated a violation of his constitutional protections against double jeopardy by remanding the case back to the justice court for further consideration of the State's motion to dismiss.  The Fifth Amendment to the United States Constitution provides that a person may not be brought into jeopardy more than once for the same offense.  U.S. Const. amend. V ("No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . ."); *Benton v. Maryland*, 395 U.S. 784, 794 (1969) (finding "the double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage, and that it should apply to the States."). Likewise, the Arizona Constitution also protects a person from being twice placed in jeopardy for the same offense.  Ariz. Const. art. 2, § 10; *State v. Minnitt*, 203 Ariz. 431, 437, ¶ 27 (2002).

¶12        In the case of a matter tried to a jury, jeopardy attaches when the jury is sworn. *Parent*, 206 Ariz. at 475, ¶ 9.  But, when a defendant pleads guilty, jeopardy attaches at the moment the court accepts that plea. *Id.*  This basic tenet of law is uncontroverted by the State.  Still, the State argues that because the superior court vacated the guilty plea, it is as though no plea existed and as a consequence jeopardy cannot attach.  Not so.  The superior court may not lawfully vacate a conviction without a proper basis in law. *See generally* A.R.S. § 12-124.  To vacate the justice court's acceptance of a guilty plea the superior court must first establish that the justice court acted outside the scope of its authority in accepting the plea.

¶13        The State agrees that Moreno Meza pled guilty and the justice court accepted his plea.  Accordingly, jeopardy has attached and Moreno Meza may not be prosecuted twice for the same offense.

4

## CONCLUSION

¶14 Because the superior court lacked jurisdiction to entertain the appeal and jeopardy had attached upon acceptance of the guilty plea, we vacate the superior court's order and reinstate Moreno Meza's guilty plea, conviction, judgment, and sentence in the justice court.

