NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TONI RENEE SWIFT HAWK, *Appellant.*

No. 1 CA-CR 23-0514
1 CA-CR 24-0106
(Consolidated)

FILED 11-05-2024

Appeal from the Superior Court in Yavapai County
No.  P1300CR202100539, P1300CR202200373
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

C. Kenneth Ray II, P.L.L.C., Prescott
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

**M O R S E,** Judge:

¶1 Toni Renee Swift Hawk appeals the superior court's denial of her motion to modify her sentence, arguing (1) she was improperly sentenced as a category-three repetitive offender because the State did not strictly comply with A.R.S. § 13-703(N) ("Section 703(N)"), and (2) her sentence is barred by double jeopardy. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The State indicted Swift Hawk on two felony counts: possession or use of narcotic drugs, a class 4 felony (Count 1); and possession of drug paraphernalia, a class 6 felony (Count 2). The State did not allege Swift Hawk's prior felony convictions in the indictment for sentence enhancement purposes, as required by Section 703(N). And it never amended the indictment to allege the prior convictions. Ariz. R. Crim. P. 13.5(a), 16.1(b).

¶3 However, the State alleged under A.R.S. § 13-708 that Swift Hawk committed the charged felonies while on probation for two prior felony convictions. The State also filed supplemental disclosures listing Swift Hawk's prior felony convictions and stating its intent to use the convictions at trial. Finally, at a settlement conference, the State detailed the terms of its plea offer and gave Swift Hawk a *Donald* advisement. *See State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000) ("[O]nce the State engages in plea bargaining, the defendant has a Sixth Amendment right to be adequately informed of the consequences before deciding whether to accept or reject the offer.").

¶4 During the *Donald* advisement, the court acknowledged Swift Hawk's two prior class 6 felonies and noted she was on probation for those offenses. Both the court and prosecutor explained Swift Hawk's status as a category-three repetitive offender based on her prior felony convictions. The court advised Swift Hawk she would receive a minimum sentence of

ten years on Count 1 if the State proved her prior felony convictions and on-probation status at trial. Swift Hawk's counsel did not object to the prosecutor and court classifying Swift Hawk as a category-three repetitive offender. Nor did her counsel challenge the possible sentence in the advisement. When asked, Swift Hawk affirmed she understood the sentence she faced if convicted at trial.

¶5 After the *Donald* advisement, Swift Hawk rejected the State's plea and proceeded to trial. The jury convicted Swift Hawk on both counts and found she committed the offenses while on felony probation.

¶6 The court sentenced Swift Hawk to presumptive concurrent terms as a category-three repetitive offender on both felonies—10 years on Count 1 and 3.75 years on Count 2. Had Swift Hawk been sentenced as a first-time offender, her presumptive sentences would have ranged from 2.5 to 3.75 years on Count 1, and 1 to 2 years on Count 2. A.R.S. § 13-702(D).

¶7 Swift Hawk, represented by new counsel, appealed the judgment and sentence ("first appeal") and moved to modify the presumptive ten-year sentence. The superior court heard oral argument on Swift Hawk's motion and declined to modify her sentence. Swift Hawk appealed the superior court's ruling ("second appeal") and moved to consolidate the two cases. We consolidated the appeals in March 2024.

¶8 In Swift Hawk's first appeal, her attorney filed an *Anders* brief, alleging he found no "error or arguable questions of law" except for the issue raised in Swift Hawk's second appeal. This Court struck the brief because Arizona does not recognize an "*Anders*-hybrid" review in an appeal of a conviction and sentence. *See State v. Scott*, 187 Ariz. 474, 477–78 (App. 1996) (finding there is "no *Anders*-hybrid type of brief" and declining to "search the record for appealable issues" when the defendant submitted a brief arguing issues on the merits). Thus, we only address the issues raised in Swift Hawk's second appeal challenging the superior court's refusal to modify her sentence.

¶9 We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 13-4031, and -4033(A).

## DISCUSSION

### I. Section 703(N) Violation.

¶10 Swift Hawk argues the superior court illegally sentenced her as a category-three repetitive offender. She contends the court lacked the

authority to impose an enhanced sentence because the State did not properly allege her prior convictions under Section 703(N). We review the legality of a sentence de novo. *State v. Johnson*, 210 Ariz. 438, 440, ¶ 8 (App. 2005). Because Swift Hawk did not object to her sentencing in the superior court, she bears the burden of demonstrating fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005).

**¶11**     In Arizona, a defendant may be sentenced as a repetitive offender if "an allegation of prior conviction is charged in the indictment . . . and admitted or found by the court." Section 703(N). If the State does not initially allege the prior convictions in the indictment, it may amend the charging document any time before trial, "unless the allegation is filed fewer than twenty days before the case is actually tried and the court finds on the record that the person was in fact prejudiced by the untimely filing." *Id.*; *see* Ariz. R. Crim. P. 13.5(a) (allowing the State to amend indictments to allege prior convictions).

**¶12**     The State concedes it never formally alleged Swift Hawk's prior felony convictions as required by Section 703(N). But Swift Hawk is only entitled to resentencing if she was prejudiced by the State's procedural error. *Henderson*, 210 Ariz. at 567, ¶ 20 ("To prevail under [fundamental error review], a defendant must establish . . . that the error in h[er] case caused h[er] prejudice."). And "a defendant is not prejudiced by noncompliance with A.R.S. § 13-604(K) [now Section 703(N)] provided [s]he is on notice before trial that the prosecution intends to seek the enhanced punishment provisions of the statute." *State v. Williams*, 144 Ariz. 433, 442 (1985). The defendant must receive notice of the State's allegation of prior convictions such that she is not "misled, surprised or deceived in any way by the allegations." *State v. Bayliss*, 146 Ariz. 218, 219 (App. 1985).

**¶13**     Swift Hawk received abundant actual notice from the State's A.R.S. § 13-708 allegation, pre-trial supplemental disclosures, and *Donald* advisement.[1] *See supra* ¶¶ 3–4. Because Swift Hawk had actual notice of

---

[1]     Swift Hawk cites Arizona Rule of Evidence 410 and argues the court improperly used "plea discussions" from the settlement conference/*Donald* advisement to amend the indictment with her prior convictions. Ariz. R. Evid. ("Rule") 410 (barring admission of a defendant's plea-discussion statements against her). But a *Donald* advisement is not a plea negotiation. *State v. Mendoza*, 248 Ariz. 6, 16–17, ¶ 18 (App. 2019). Rather, it is a "merely informational" proceeding in which the court "informs the defendant of the plea offer and the sentencing range faced if convicted." *Id.* at 17, ¶ 18. The

the State's intent to enhance her sentence under Section 703(N), she suffered no prejudice. *See Williams*, 144 Ariz. at 442; *cf. State v. Lehr*, 227 Ariz. 140, 154, ¶¶ 69–70 (2011) (finding the state's procedural error did not prejudice the defendant because the defendant "had notice of the prior convictions the State intended to use as aggravating circumstances").

**¶14** Indeed, Swift Hawk does not argue the State failed to provide her *actual* notice. In her opening brief, she only asserts a lack of *legal* notice under Section 703(N). And she failed to address the litany of cases the State cites to show that strict statutory compliance was unnecessary to notify Swift Hawk of the State's intent to enhance her sentence as a repetitive offender. *State v. Jobe*, 157 Ariz. 328, 330 (App. 1988) (permitting sentence enhancement despite the state's filing error because the defendant had actual notice of its intent to seek enhanced punishment); *State v. Cropper*, 205 Ariz. 181, 185, ¶ 17 (2003) ("Because [the defendant] had actual, although oral, notice of the prosecutor's intent to use the aggravated assault conviction as a prior serious offense aggravating circumstance and the delay caused him no prejudice, the State adequately noticed the prior serious conviction aggravating circumstance."); *see also State v. Roseberry*, 210 Ariz. 360, 366, ¶ 25 (2005) (finding lack of formal notice was not fundamental error because the defendant "had actual notice of the aggravating circumstance before trial" and admitted "he suffered no prejudice").

**¶15** In short, Swift Hawk does not explain how she was "misled, surprised or deceived" by the State's conduct. *Bayliss*, 146 Ariz. at 219. The State provided actual notice of its intent to seek an enhanced sentence under the repetitive offender statute. Accordingly, we find no prejudice. *Williams*, 144 Ariz. at 442.

## II.    Alleged Double-Jeopardy Violation.

**¶16** Swift Hawk also argues that double jeopardy precluded the court from enhancing her sentence because the State did not formally allege the prior convictions before the jury was sworn. Because Swift Hawk did not raise this issue to the superior court, we review for fundamental, prejudicial error. *Henderson*, 210 Ariz. at 567, ¶¶ 19–20.

---

State references the *Donald* advisement to demonstrate that Swift Hawk was properly informed of the consequences of conviction if she went to trial. This is the exact purpose of a *Donald* advisement, and Rule 410 is not implicated.

¶17    Swift Hawk relies solely on this Court's decision in *Parent v. McClennen*, 206 Ariz. 473 (App. 2003). In *Parent*, the defendant declined the State's initial plea offer because he could not "avow . . . he had no prior felony convictions." *Id.* at 474, ¶ 4. The State amended its plea offer to include the prior convictions. *Id.* At a settlement conference, the defendant rejected the new plea, but the settlement judge accepted the defendant's guilty plea to the original offer without the prior convictions. *Id.* at ¶ 5. The State moved to enhance the defendant's sentence with his prior convictions or to set aside the guilty plea. *Id.* at 475, ¶ 6. The trial judge allowed the defendant to choose between accepting an enhanced sentence or withdrawing from the plea and going to trial with the alleged prior convictions. *Id.* at ¶ 7. After accepting special action jurisdiction, this Court held that double jeopardy barred the trial court from enhancing the defendant's sentencing range after he accepted a guilty plea without any allegation of his prior convictions. *Id.* at 476, ¶¶ 15–16.

¶18    Swift Hawk fails to provide any analysis about *Parent's* applicability to the facts of this case. Ariz. R. Crim. P. 31.10(a)(7)(A) (requiring that an appellant's arguments contain "contentions with supporting reasons for each contention"). Nor does she explain how *Parent* overcomes the State's argument that it provided Swift Hawk sufficient notice of its intent to enhance her sentence under Section 703(N) before trial.

¶19    The Double Jeopardy Clauses in the United States and Arizona Constitutions protect defendants from multiple punishments for the same offense. U.S. Const. amend. V; Ariz. Const. art. 2, § 10. But Arizona courts have held that double jeopardy is not implicated by using prior convictions for sentence-enhancement purposes. *State v. Torrez*, 141 Ariz. 537, 539 (App. 1984) (finding the use of prior convictions does not constitute double jeopardy because "[s]tatutes authorizing the infliction of more serious penalties on one who is a persistent offender do not create a new, separate, distinct, independent or substantive offense"); *see State v. Cooney*, 233 Ariz. 335, 340, ¶ 15 (App. 2013) (concluding a statute designed to "punish a defendant more severely for a recent crime based on h[er] having committed previous crimes, [] is precisely what courts have long held is constitutionally permissible"); *State v. Keith*, 211 Ariz. 436, 437–38, ¶ 7 (App. 2005) (holding the double jeopardy clause does not prohibit the State from proving a defendant's prior convictions after the jury is dismissed). The double jeopardy clause does not apply here. The State's actual notice, as discussed *supra* ¶¶ 13–15, cured any procedural defect caused by the State's failure to formally allege Swift Hawk's prior convictions.

## CONCLUSION

**¶20** Because Swift Hawk had notice of the State's intent to enhance her sentence, she was not prejudiced by the State's failure to strictly comply with Section 703(N). And the use of Swift Hawk's prior convictions does not violate double jeopardy. We affirm Swift Hawk's sentence as a category-three repetitive offender.

